

# IN THE
# TENTH COURT OF APPEALS

### No. 10-12-00250-CR

**RUTH BUSBY,**

                                                            **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                            **Appellee**

**From the County Court**
**Navarro County, Texas**
**Trial Court No. C34053**

## MEMORANDUM  OPINION

Ruth Busby appeals from a conviction for the offense of possession of a controlled substance for which she was sentenced to 180 days in the state jail.  TEX. HEALTH & SAFETY CODE ANN. § 481.112 (West 2010).  In her sole issue, Busby complains that the trial court erred by refusing to include an instruction on duress in the jury charge.  Because we find no error, we affirm the judgment of the trial court.

*Jury Charge Error*

Busby complains that the trial court erred by denying her request for an instruction on the affirmative defense of duress. *See* TEX. PEN. CODE ANN. § 8.05 (West 2011). Busby contends that evidence that her husband held a gun to her head and forced her to smoke methamphetamine a year before the instant offense and her fear of her husband divorcing her or destroying her property was sufficient to require the trial court to include the instruction in the jury charge in the guilt-innocence phase of the trial.

We review jury charge error with a two-step process. *Ngo v. State*, 175 S.W.3d 738, 744 (Tex. Crim. App. 2005). First, we determine whether error exists in the charge. *Id*. We review a trial court's decision not to include an instruction on a defensive issue in the charge for an abuse of discretion, and we view the evidence in the light most favorable to the defendant's requested submission. *See Bufkin v. State*, 207 S.W.3d 779, 782 (Tex. Crim. App. 2006); *Love v. State*, 199 S.W.3d 447, 455 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd). Second, if error exists, we review the record to determine whether the error caused sufficient harm to require reversal of the conviction. *Ngo*, 175 S.W.3d at 744.

The Penal Code defines the defense of duress: "It is an affirmative defense to prosecution that the actor engaged in the proscribed conduct because he was compelled to do so by threat of imminent death or serious bodily injury to himself or another."

TEX. PENAL CODE ANN. § 8.05(a). In this context, compulsion exists only if the force or threat of force would render a person of reasonable firmness incapable of resisting the pressure. *Id*. § 8.05(c). The defense of duress is not available to a defendant who "intentionally, knowingly, or recklessly placed himself in a situation in which it was probable that he would be subjected to compulsion." *Id*. § 8.05(d).

When the evidence raises a defensive theory, the theory must be submitted to the jury regardless of whether the supporting evidence is strong, feeble, unimpeached, contradicted, credible, or incredible. *See Shaw v. State*, 243 S.W.3d 647, 658 (Tex. Crim. App. 2007).

Busby argues that she put a quantity of her husband's methamphetamine in her purse and hid it in a closet approximately two days prior to its discovery by law enforcement. The methamphetamine was her husband's and he had been keeping it on his bedside table. Busby testified that she took the methamphetamine at a time when her husband was not at home because she was trying to keep her husband from consuming it. Busby testified that she was primarily afraid that if she left her husband he would destroy or get rid of her property or that she would lose him. She also testified that she was afraid of what he would do if he found out that she had taken it from him.

There was no evidence that Busby's husband threatened her with imminent serious bodily harm or death if she did not possess the methamphetamine. Any

potential threat would have been upon her husband's discovery that Busby had taken the drugs from him, not because she refused to possess it based on a theoretical threat. There was no evidence of a threat and no evidence of imminent serious bodily injury or death if Busby did not commit the offense.  The trial court did not abuse its discretion by denying Busby's requested instruction on duress.  We overrule Busby's sole issue.

*Conclusion*

Having found no error, we affirm the judgment of the trial court.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Affirmed
Opinion delivered and filed August 22, 2013
Do not publish
[CR25]